IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| WILLIAM SIZEMORE, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 02-74-KI |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CITY OF MADRAS, an incorporated Subdivision of the State of Oregon; and RICHARD ALLEN, and MARTIN E. HANSEN, individuals, | ) ) ) ) | |
| Defendant. | ) | |

Roger Hennagin
8 North State Street, Suite 300
Lake Oswego, Oregon 97034

    Attorney for Plaintiff

Robert E. Franz, Jr.
P. O. Box 62
Springfield, Oregon 97477

    Attorney for Defendants

KING, Judge:

This case arises out of an employment action taken against plaintiff William Sizemore by the City of Madras ("City") and the City's mayor, Richard Allen ("Allen") (collectively, "defendants"). On June 22, 2005, a judgment was entered in favor of plaintiff against defendants in the amount of $150,000, remitted from $925,000, for violation of plaintiff's due process rights under 42 U.S.C. § 1983, and $5,000 against Allen for defaming plaintiff. Detailed factual and procedural history of this case has been set forth in a prior Opinion of the court and will not be repeated here. Before the court is plaintiff's Motion for Attorney Fees (#202), Amended Motion for Attorney Fees (#208) and Supplemental Petition and Affidavit for Attorney Fees (#222).

## DISCUSSION

Plaintiff seeks a total of $98,848.70 in attorney fees and expenses. Of this, $87,750 is for attorney hours spent prior and during trial, including hours spent defending plaintiff in a criminal action, $8,340.00 is for attorney hours spent on post-trial motions, $156.00 is for legal assistant hours, and $2,602.70 is for expenses.

I.  Applicable Law

On his due process claim, plaintiff is entitled to attorney fees under 42 U.S.C. § 1988, which provides in pertinent part, "In any action or proceeding to enforce a provision of section[] . . . 1983 . . ., the court, in its discretion, may allow the prevailing party, . . . a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988(b).

In addressing a petition for attorney fees under federal law, the court must first determine the "lodestar" amount by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996),

Page 2 - ORDER

amended on other grounds, 108 F.3d 981 (1997). In determining what constitutes a reasonable fee, the district court should consider the factors specified in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976). The factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent,[1] (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Id. at 363 n.8.

Next, the court must consider the necessity of adjusting the lodestar amount, based on the Kerr factors not already subsumed in the lodestar calculation. Morales, 96 F.3d at 363-64.

There is a strong presumption, however, that the lodestar amount is a reasonable fee and should only be enhanced in "rare and exceptional cases." Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986).

A reduction of the lodestar fee may be justified when the plaintiff fails to obtain relief on all claims, and if hours spent on unsuccessful claims were not needed to pursue successful claims. Quesada v. Thomason, 850 F.2d 537, 539 (9th Cir. 1988). In Gates v. Deukmejian, 987 F.2d 1392, 1404 (9th Cir. 1992), the court explained:

> The district court first asks if the plaintiff did not prevail on claims that were unrelated to those on which he succeeded and excludes any fees associated with those unsuccessful claims. Second, the court makes further reductions when

---

[1] Although "whether the fee is fixed or contingent" is listed as a factor, the Supreme Court subsequently held that enhancing a fee award on account of contingency is improper. See City of Burlington v. Dague, 505 U.S. 557 (1992); Davis v. City and County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).

plaintiffs' success on any remaining interrelated unsuccessful and successful claims was limited.

To exclude the hours spent litigating unsuccessful claims, a court can identify specific hours to eliminate or simply reduce the award to account for the limited success. Mathematical formulas or percentages may be used. Schwarz v. Secretary of Health & Human Services, 73 F.3d 895, 904-05 (9th Cir. 1995).

II.     Defendants' Opposition

Defendants raise several objections to the number of hours for which payment is sought, as well as an objection to the hourly fee plaintiff's counsel seeks and the expenses he incurred.

First, defendants assert that plaintiff's counsel is not entitled to recover attorney fees for plaintiff's breach of contract claim against the City and his defamation claim against Allen. Indeed, the City prevailed on the breach of contract claim, and attorney fees are not recoverable in the common law defamation claim.

I note that there is some overlap between the three claims. For instance, plaintiff's due process claim required the jury to find from evidence presented by plaintiff that the charge made in connection with termination of his employment was false. At least one of the charges made by defendants involved plaintiff's altering of his employment agreement. Plaintiff's labor on this issue overlapped with his efforts in proving his breach of contract and defamation claims. For instance, the jury was instructed that if it found plaintiff had substituted pages in his employment contract, the City was not liable for breach of contract. Similarly, plaintiff was required to prove that Allen's statement (the very same at issue in the due process claim) was false and defamatory.

Nevertheless, the summary judgment briefing on the breach of contract and defamation

claims involved issues unrelated to the due process claim. Furthermore, although defendants do not point this out, from my review of the exhibit in support of his fee petition, it appears plaintiff's counsel seeks fees for time spent on claims and on defendants that are unrelated to his success on the due process claim. For instance, he seeks fees for time spent in researching a claim based on Section 1985, and costs associated with Martin E. Hansen, a defendant who was dismissed prior to the trial and who was not charged with violating plaintiff's due process rights. I have identified specific hours to eliminate and find that at least 50.7 identifiable hours were spent on tasks unrelated to plaintiff's success on the due process claim. Accordingly, I do not include these hours in the lodestar calculation.

In addition, plaintiff's attorney seeks to recover attorney fees for 48.9 hours which he spent defending plaintiff in a criminal trial that took place prior to the civil trial. Plaintiff's counsel asserts that these hours would have been spent in the civil case had they not been spent in preparation for the criminal trial. During this time he interviewed witnesses, investigated the charges and reviewed the files from the district attorney and the City.

Defendants point out that none of them had any involvement in initiating criminal proceedings against plaintiff, that evidence of this prior criminal trial was precluded from admission in the civil case, and that the language of the attorney fee provision of 42 U.S.C. § 1988 does not permit plaintiff's counsel to collect fees for time spent defending plaintiff in a criminal trial.

I find that plaintiff's counsel's request falls outside the scope of the statutory language; these hours were not spent in any action to enforce a provision of section 1983. Greer v. Holt, 718 F.2d 206, 207-8 (6th Cir. 1983). Furthermore, the civil litigation did not arise out of the

criminal action in any way.

Plaintiff's counsel seeks an award of attorney fees at an hourly rate of $300, to account for the effect of his contingent fee agreement with plaintiff. His standard billing rate ranges from $200 to $275 an hour. He quoted $245 per hour as his customary billing rate during the pendency of this action.

A reasonable hourly rate can be determined by looking at the prevailing rate in the relevant community, in this case, Portland, Oregon.[2] See Barjon v. Dalton, 132 F.3d 496, 502 (9th Cir. 1997). The best evidence of the prevailing rate in Portland, Oregon is the 2002 Economic Survey conducted by the Oregon State Bar. Roberts v. Interstate Distributor Co., 242 F. Supp.2d 850, 857 (D. Or. 2002), see also 2002 Economic Survey, available at http://www.osbar.org/_docs/econsurv02/ecosurvey02_w.pdf (June 2005).

The survey reports that on average Portland private practitioners, who have been practicing for over thirty years, billed a fee of between $183 and $337, with an average of $223. I note, however, that the survey is almost three years old. Accordingly, after considering the time and labor expended by plaintiff's counsel in this case, the preclusion of other employment due to his acceptance of this case, the success he achieved, and his customary fee, I find that $275 represents a reasonable hourly rate.

I will not adjust the fees upward because this is not a "rare and exceptional" case warranting an upward adjustment. Chalmers v. City of Los Angeles, 796 F.2d 1205, 1212 (9th Cir. 1986). Furthermore, as I noted in footnote 1, whether a matter is taken on contingency is no

---

[2]Although plaintiff's counsel's office is located in Lake Oswego, Oregon, the Portland figures, as opposed to tri-county figures, are most applicable given the close proximity of Lake Oswego to Portland.

longer a basis on which the lodestar may be adjusted.

Defendants offer no objection to plaintiff's supplemental petition for attorney fees. Thus, including the reductions set forth above, I am satisfied that 220.7 hours represents the total appropriate amount of time that plaintiff's counsel worked on this case, and that $275 represents a reasonable hourly rate. I grant plaintiff's motion for attorney fees in the amount of $60,692.50.

I also grant plaintiff's motion to the extent it pertains to out-of-pocket expenses in the amount of $1,645.50. Plaintiff "may recover as part of the award of attorney's fees those out-of-pocket expenses that 'would normally be charged to a fee paying client.'" Harris v. Marhoefer, 24 F.3d 16, 19 (9th Cir. 1994). This amount reasonably reflects the amount plaintiff expended on costs such as postage, photocopies, parking fees, long distance telephone charges, recording of witness testimony, transcription of witness testimony, and editing of witness recording for presentation at trial. However, since plaintiff has not offered sufficient specifics with regard to "deposition costs" and "witness fees," I will not grant reimbursement for these costs.[3]

Finally, defendants contend that plaintiff's counsel should not collect the $156 for his legal assistant's fees. The total represents 2.4 hours billed at a rate of $65. Defendants complain that plaintiff's counsel has provided no support for the high hourly rate, and that the tasks reported are in line with secretarial work as opposed to paralegal work. For example, the exhibit in support of the request reveals such tasks as making telephone calls to schedule depositions, photocopying documents, a telephone call to the courthouse about where counsel could be reached, and drafting a letter enclosing a deposition correction sheet.

I agree with defendants. Paralegal rates are not applicable to time spent doing purely

---

[3]Local Rule 54.1(a)(1)(A) requires "a detailed itemization of all claimed costs."

ministerial tasks. <u>Missouri v. Jenkins</u>, 491 U.S. 274, 288 n.10 (1989) ("purely clerical or secretarial tasks should not be billed at a paralegal rate"). However, secretarial costs are subject to reimbursement under Section 1988. <u>Burt v. Hennessey</u>, 929 F.2d 457, 459 (9th Cir. 1991). Nevertheless, plaintiff reports no appropriate hourly fee for this assistance, and accordingly I do not grant his request.

## CONCLUSION

Plaintiff's Amended Motion for Attorney Fees (#208) and Supplemental Petition and Affidavit for Attorney Fees (#222) are granted in part and denied in part. Plaintiff's Motion for Attorney Fees (#202) is denied as moot as it was replaced by plaintiff's Amended Motion for Attorney Fees (#208). Plaintiff shall have judgment in the amount of $62,338 for attorney fees and expenses.

IT IS SO ORDERED.

Dated this     24     day of June, 2005.

                                             /s/ Garr M. King
                                          Garr M. King
                                          United States District Judge